Harris, J.,
delivered the opinion of the Court:
In this cause the proceedings and proof present the following state of facts, to wit: On the 11th day of January, 1850, G. B. Locke purchased from R. C. Brinkley, two lots in the city of Memphis, for which he executed to him his four promissory notes for $ 1,450 each, payable at six, twelve, eighteen and twenty-four months, for the balance of the consideration to be paid for said lots; to secure which, Brinkley retained the title to the property. The two last of these notes Locke has failed to pay. On the 23d day of May, 1850, Locke sold and conveyed by deed of that date, one of the lots to the defendant, Atkinson, for the sum of $8,500. Atkinson paid in cash *587 at the time of the purchase, $5,500, and the last payment of the balance was made on the 1st day of January, 1851. The deed to Atkinson was filed for registration on the 27th May, 1850, and was registered on the 10th June, 1850. On the 20th January, 1851, Locke conveyed the other lot to J. F. Jett, in trust, to secure the payment of $12,500 due from Locke to complainants. This deed was filed foi* registration on the 24th January, 1851, and was registered on the 21st Febi’uary, 1851. This lot was afterwards sold by Jett, the trustee, and purchased by complainants! After this purchase by complainants, they purchased from R. C. Brinkley the two notes for $1,450 each, given by Locke to Brinkley for the consideration money, and brought their bill in the Chancery Court at Memphis, to compel Atkinson to contribute to the payment of said notes in proportion to the value of the lot purchased by him of Locke. On the hearing, the Chancellor dismissed the bill, and the complainants have appealed to this Court.
And it is here insisted in argument, that by their purchase and the assignment of these notes from Brinkley to themselves, the complainants occupy the same ground that Brinkley would .^occupy were he calling upon the Court to subject the equitable right to the lands to the payment of the purchase money; and that as Brinkley’s right embraced both lots, he could have both or either of them sold for the satisfaction of his debt at his election, and that the Court could not control him.
We do not doubt that by the assignment of the notes, the complainants are substituted to all of Brink *588 ley’s rights, and we will examine the case as though the bill had been filed by Brinkley against Locke, Atkinson and the complainants, and see how their equities stand.
It is clear that Brinkley’s right extends alike to both lots, and that he has the right to have both sold if necessary for the payment of his debt; but we think it equally clear'that in securing to him his rights, the Court should not disregard the equities of others. At the time Atkinson purchased his lot and paid $8,500 for it, Locke retained the remaining lot of more value, and was owing of the consideration money for both lots, only the sum of $2,900 — the lot retained by Locke being worth perhaps four times that amount, and was in the hands of Locke, in equity, liable to the satisfaction of the debt, before Atkinson’s lot could be reached.
Suppose the complainants had not purchased that lot from Locke, and this were a bill by Brinkley against Locke and Atkinson, to enforce the payment of his debt out of the lots, could it be seriously contended that equity would not direct that the lot retained by Locke should be first sold, and if that did not bring enough to pay the debt, then to go upon the 'other lot? We think not. And this would be no abridgment of Brinkley’s rights; he would still have the right to sell both lots if necessary for the payment of his debt, but it would be an adjustment of the equities of Atkinson and Locke by directing that Locke’s lot should be sold first.
Then, do the complainants, who purchased from Locke long after Atkinson had purchased and paid *589 for his lot, and had his deed registered, stand in any better situation than Locke would occupy were he the defendant in their stead, in the case supposed. We think not. Upon the principle, that “ as between equal equities, he who is prior in time is strongest in right, if the person who ought to pay the debt has conveyed different parcels of" the land bound for its payment at several times, to bona fide purchasers, as between such 'purchasers the lands are chargeable in equity in the inverse order of their alienation.”
This principle has been so ruled in the case of Clowes vs. Dickinson, 5 Johns. Chan. Rep., 241; Skeel vs. Sharker, 8 Paige R., 182; Patty vs. Peace, 8 Paige R., 277; Kelly vs. Rand, 11 Paige R., 59; 8 Smede’s & Marshall R., 459; and various other authorities to the same effect. We think the principle sound, equitable and just, and adopt it. The Chancellor having taken this view of the case, we affirm the decree and dismiss the bill.